UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
   **Plaintiff**

v.              Case Number 4:01cr238-003

               USM Number 17628-047

**IAN MCCLINTON**
   **Defendant**

               John C. Vanderslice

               Defendant's Attorney

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of standard condition 7, special conditions 2 and 7 and special condition regarding restitution of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1. (Standard Condition #7) | The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician. | January 7, 2004 |
| 2. (Special Condition #2) | The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g. AA/NA) for alcohol and/or controlled substance abuse, as directed by the U. S. Probation Officer. | November 5, 2003 |

| | | | |
|---|---|---|---|
| 3. | (Special Condition #7) | Pursuant to 18 U.S.C. 3583(d), defendant shall submit to a drug test within fifteen (15 days of release on supervised release and at least two (2) periodic tests thereafter to determine whether the defendant is using a controlled substance.  Further, defendant shall submit to such testing as requested by an US. Probation Officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances.  Defendant shall pay for collection of urine samples to be tested for the presence of alcohol and/or controlled substances. | December 17, 2003 |
| 4. | (Special Condition) | Following release from incarceration, the defendant shall make payments to satisfy the criminal monetary penalty in monthly installments of $25 or 3% of the defendant's gross income, whichever is greater.  The first payment shall commence 30 days following discharge from incarceration, until the criminal monetary penalty is paid in full.  The defendant shall be responsible for providing proof of payment to the U. S. Probation Officer as directed. | Defendant has failed to make payments towards her restitution obligation. |

Original Offense: Bank Larceny in violation of 18 USC 2113(b) and 18 USC

The defendant is sentenced as provided in pages 3 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Following the imposition of sentence, the Court advised the defendant of her right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

    Date of Imposition of Sentence:
    April 6, 2006
    s/ Richard G. Kopf
    United States District Judge
    April 7, 2006

Defendant: IAN MCCLINTON  Page 3 of 6
Case Number: 4:01cr238-003

## IMPRISONMENT

It is ordered that the term of supervised release is revoked.  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **eighteen (18) months with no supervised release to follow**.  Said term to run concurrent with sentence imposed in the case of the State of Iowa, Pottawattamie County District Court, Case No. 04781.

The Court makes the following recommendations to the Bureau of Prisons:

1. That the defendant participate in the 500-hour Intensive Drug Treatment Program or any similar drug treatment program available.

2. That the defendant be incarcerated in a camp-like facility as close to **Omaha, Nebraska** as possible.

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: IAN MCCLINTON  Page 4 of 6
Case Number: 4:01cr238-003

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 (Balance of $50.00 remains) | | $13,150.00 (Balance of $13,025.00 remains) |

### FINE

No fine imposed.

### RESTITUTION

Restitution in the amount of **$13,150.00** is hereby ordered jointly and severally with: Devon Peak and Stacey Peak. The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** |
|---|---|---|
| U. S. Bank | $13,150.00 | $13,150.00 |
| **Totals** | $13,150.00 | $13,150.00 |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: IAN MCCLINTON  Page 5 of 6
Case Number: 4:01cr238-003

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay; payment of the total criminal monetary penalties shall be due as follows:

Defendant shall pay the special assessment in the amount of $100.00, a balance of $50.00 remains. The defendant shall pay restitution in the amount of $13,150.00 jointly and severally with: Devon Peak and Stacey Peak, Case No. 4:01CR238. A balance of $13,025.00 remains as to the restitution.

Special instructions regarding the payment of criminal monetary penalties:

During the defendant's term of incarceration, the defendant shall participate in the Bureau of Prisons Financial Inmate Responsibility Program. Any payments to the outstanding criminal monetary penalty shall be applied in the following order: special assessment, restitution, fine, any other.

The criminal monetary penalty is due in full on the date of this judgment and the defendant is obligated to pay said sum immediately. The criminal monetary penalty may be collected in whole or in part while the defendant is in prison in any manner allowed by law. The criminal monetary penalty may also be collected in whole or in part while the defendant is released from prison in any manner allowed by law. At a minimum, but without limiting the foregoing, following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $25.00 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

The defendant shall inform the probation officer of any change in her economic circumstances affecting the ability to make monthly installments as ordered by the court or her ability to increase the monthly payment amount. In the event defendant is able to make a full or substantial payment toward the remaining criminal monetary penalty, she shall do so immediately.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Defendant: IAN MCCLINTON  
Case Number: 4:01cr238-003

Page 6 of 6

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk